UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>**BARON CAMILO AGASIM-PEREIRA OF FULWOOD,**<br><br>    Debtor. | **CASE NO. 15-24353-AJC**<br>**CHAPTER 7** |
| **KAIKA SAS** and **KULENKAMPFF & KONITZKY,** GmbH,<br><br>    Plaintiffs,<br><br>v.<br><br>**BARON CAMILO AGASIM-PEREIRA OF FULWOOD,**<br><br>    Defendant. | **ADV. PRO. NO. 16-01106-AJC** |

**PLAINTIFFS' POST-JUDGMENT MOTION FOR AN AWARD OF ATTORNEY'S AND COSTS AGAINST DEFENDANT**

Plaintiffs, Kaika SAS and Kulenkampff & Konitzky, GmbH, by and through undersigned counsel, file *Plaintiffs' Post-judgment Motion for an Award of Attorneys' Fees and Costs Against Defendant* (the "*Motion*") and as grounds therefore, Plaintiffs state as follows:

1.    The dispute between the parties to this adversary proceeding – Plaintiffs, Kulenkampff & Konitzky, GmbH, a German corporation, and its partially owned subsidiary Kaika SAS, located in Columbia, and the Defendant, Baron Camilo Agasim-Pereira of Fulwood, began in August 2012 when Defendant was retained to perform investigatory services on behalf of Kaika SAS.

2. Soon thereafter, Defendant convinced his employers to expand Defendant's authority at Kaika SAS and after obtaining it, grossly abused his position and embezzled substantial funds belonging to Plaintiffs.

3. After learning what Defendant was up to, he was terminated in June 2013.

4. Following an investigation into the full extent of Defendant's misdeeds, Plaintiffs, through counsel, sent Defendant notice on December 29, 2014 pursuant to Florida Statutes, § 772.11, putting Defendant on notice that Defendant's actions resulted in the misappropriation of approximately $1,000,000 and his actions constituted civil theft and as such, demanded that Defendant pay Plaintiffs threefold that amount as damages, as provided by the applicable Florida statute, failing which, Plaintiffs would commence an action against Defendant. And if successful, Plaintiffs would seek a judgment against Defendant for the nearly $3 million demanded, plus attorneys' fees and costs incurred in doing so, also as provided for by § 772.11(1), Florida Statutes (2013).

5. After commencing an action against Defendant in Miami-Dade County, Florida, Defendant filed for bankruptcy on August 9, 2015, and on February 16, 2016, Plaintiffs commenced this adversary proceeding against Defendant, bringing a claim for civil theft and to deny the dischargeability of that claim under § 523 of the United States Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*). [ECF 1].

6. After repeated delays by Defendant, the trial was ultimately conducted on September 13, 2018, and on December 13, 2018, the Court issued its memorandum decision in favor of Plaintiffs finding Defendant liable for civil theft and declaring the debts non-dischargeable pursuant to § 523(a)(4). [ECF 165].

7. A corresponding judgment was entered that same day against Defendant, [ECF 167], awarding Plaintiffs at total of $2,997,206.28 in non-dischargeable damages and reserving

jurisdiction to award Plaintiffs their attorneys' fees pursuant to Florida Statutes, § 772.11(1), which provides that:

> [a]ny person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, *and reasonable attorney's fees and court costs in the trial and appellate courts*.

Fla. Stat., § 772.11(1) (2015) [emphasis added].

8. Accordingly, by way of this *Motion*, Plaintiffs seek an award against Defendant for attorneys' fees of $267,473.63 and $14,727.20 in costs.

9. The attorneys' fees incurred by Plaintiffs are broken down as follows:

   a. $208,800.00 incurred with the law firm of Krupnick Campbell Malone Buser Slama Hancock Liberman, P.A. (the "Krupnick firm"). Carlos A. Acevedo, Esq., of the Krupnick Firm, admitted *pro hac vice*, [ECF 47], was lead counsel in this matter and successfully tried this case to judgment. Attached as composite Exhibit "A" are the time records and ledger reflecting costs incurred with the Krupnick firm. Mr. Acevedo's hourly rate for this matter is $400.00 and that of Kelly Stewart, Esq., who assisted, is $400.00. The total amount of time devoted by the Krupnick firm was 522 hours for the aforementioned, total fee of $208,800. In addition, Plaintiffs seek

   b. $44,487.50 incurred with Jason E. Slatkin, Esq. and the law firm Slatkin & Reynolds, P.A. (bankruptcy counsel to Plaintiffs (the "S&R firm")). Attached hereto as Exhibit "B" are the time records for the S&R firm. The hourly rates charged by S&R for this matter is $350.00 for both Messrs. Slatkin and Reynolds and $125.00 for Ingrid P. Malcolm, the firm's bankruptcy paralegal. Attached as Exhibit "B" is the *Matter History Report* detailing all services rendered and costs incurred with the S&R firm. The total amount of billable

time devoted by Messrs. Slatkin and Reynolds in this matter was 134.50 hours and Ms. Malcolm 6.2 hours for a total of 140.7 hours of professional and paraprofessional time. (Both, the attorneys' fees incurred with the S&R firm and that incurred with the Krupnick Firm shall be referred to as "Attorneys' Fees".)

10. Thus, through the date hereof, Plaintiffs seek Attorneys' Fees of $253,287.50. The blended hourly rates of these fees are $385.82 for services performed by the attorneys and $125.00 for that performed by Ms. Malcolm.

11. The costs incurred by Plaintiffs total $14,727.20 and are itemized below:

| | | |
|---|---|---|
| a. | Filing fees | $838.30 |
| b. | Service of process/summonses | $1,093.50 |
| c. | Photocopies/scans (in-house) | $3,034.85 |
| d. | Color copies (in-house) | $98.54 |
| e. | Photocopies (third party) | $265.94 |
| f. | Long distance charges | $2,393.32 |
| g. | Postage | $128.60 |
| h. | Investigation services | $1,725.80 |
| i. | Meals | $89.11 |
| j. | PACER | $329.93 |
| k. | Court reporting | $3,835.10 |
| l. | Travel and parking | $894.21 |
| | TOTAL COSTS | $14,727.20 |

12. All together, the total amount of Attorneys' Fees and costs that Plaintiffs request be recoverable from Defendant by way of a judgment comes to $268,014.70, which Plaintiffs further request shall incur interest at the statutory rate until satisfied.

WHEREFORE, Plaintiffs, by and through undersigned counsel, request that this Honorable Court grant this *Motion* and grant Plaintiffs any further relief this Honorable Court deems just and proper.

Dated this 27th day of December 2018.		**SLATKIN & REYNOLDS, P.A.**
Attorneys for Plaintiffs
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com

By: /s/ Jason E. Slatkin
   Jason E. Slatkin
   Fla. Bar No. 040370

### Certificate of Service

I HEREBY CERTIFY that a true copy of foregoing was served the Court's CM/ECF noticing system to Angelena M. Root, Esq., amrootesq@gmail.com, m.ar70464@notify.bestcase.com on this 27th day of December 2018.

/s/ Jason E. Slatkin
Jason E. Slatkin